360 So.2d 245 (1978)
HILTON HOTELS CORPORATION d/b/a Hilton Inn, Plaintiff-Appellee,
v.
Joseph N. TRAIGLE, Collector of Revenue, State of Louisiana, Defendant-Appellant.
No. 11997.
Court of Appeal of Louisiana, First Circuit.
June 12, 1978.
Michael F. Little, New Orleans, of counsel, for plaintiff-appellee Hilton Hotels Corporation, d/b/a Hilton Inn.
*246 David L. Dawson, W. Steven Mannear, Baton Rouge, James A. Tramonte, Metairie, of counsel, for defendant-appellant Joseph N. Traigle, Collector of Revenue, State of Louisiana.
Before LANDRY, SARTAIN and ELLIS, JJ.
SARTAIN, Judge.
This is a suit for sales tax refunds brought by Hilton Hotels Corporation (Hilton) against the Collector of Revenue for the State of Louisiana (Collector). After trial the lower court rendered judgment in plaintiff's favor as to two of the three series of transactions originally in dispute. The other dispute was decided in defendant's favor. Only the Collector has appealed. He asserts error only as to one of the disputes decided in favor of plaintiff, he having conceded the correctness of the plaintiff's position on the other matter subsequent to trial but prior to judgment. Only one issue is therefore presented for our determination: Were the transactions between Hilton and Hotel Equipment Corporation (HEC) sales subject to the Louisiana Sales Tax?
The facts are undisputed. HEC is a wholly owned corporate subsidiary of Hilton. It is controlled by the same officers and directors as Hilton. When an individual operating unit of Hilton desires to purchase an item of furniture or a fixture, it places an order for the goods with HEC, which then purchases the goods directly from the manufacturer. The manufacturer delivers the goods directly to the operating unit, but bills HEC for the actual sales price. No stocks of merchandise are maintained by HEC. HEC bills the operating unit the purchase price plus a flat markup of a certain percentage depending on the nature of the item. On the transactions in question the markup was ten percent. Although HEC was not set up to make a profit, it does in fact normally show small profits which are reported for federal tax purposes on a consolidated return which it files with Hilton. See 26 U.S.C. § 1501, et seq.
The trial judge further found that the transactions between Hilton and HEC were not done at "arm's length" and that HEC acted simply as the purchasing division of the plaintiff. Although we do not dispute these findings we cannot agree with the trial judge that they warrant the legal conclusion that the transactions between Hilton and HEC were not subject to the Louisiana Sales Tax.
We believe these transactions to be clearly subject to taxation under our sales tax law. "There is hereby levied a tax upon the sale at retail, the use, the consumption, the distribution, and the storage for use or consumption in this state, of each item or article of tangible personal property, as defined herein . . ." R.S. 47:302(A). There is no question but that Hilton was an ultimate consumer of the goods which were tangible personal property. The only question is therefore whether or not there was a sale between Hilton and HEC. "`Sale' means any transfer of title or possession, or both, exchange, barter, conditional or otherwise, in any manner or by any means whatsoever, of tangible personal property, for a consideration. . ." R.S. 47:301(12). In this case title was unquestionably transferred from HEC to Hilton for a consideration. A sale appears to have been made.
Hilton, however, asserts that if one looks to the substance rather than the form of the transaction, no sale in fact occurred. We disagree. The two corporations are separate and distinct legal entities. C.C. Art. 435. There is nothing to prevent their contracting a sale. It ill behooves Hilton to attempt to disregard the corporateness of its subsidiary when it is in its interest so to do, while still obtaining whatever benefits flow from conducting business as separate corporations. Furthermore, the undisputed facts as proven by Hilton are not such as are normally sufficient to warrant piercing the corporate veil. See Kingsman Enterprises, Inc. v. Bakerfield Electric Co., 339 So.2d 1280 (La.App. 1st Cir. 1976). On the contrary, the facts show that the transactions in question were fully documented, that HEC had its own employees which it *247 paid from its own funds, and that HEC had its own corporate officers (although they were in fact the same as Hilton's). We hold that the transactions in question were sales subject to the Louisiana Sales Tax. We are buttressed in our conclusion by the fact that this is the result generally reached by the courts of our sister states which have decided this issue. 68 Am.Jur.2d, Sales and Use Taxes, § 97 (1973); Annotation, 64 A.L.R.2d 769 (1959).
For these reasons, the judgment of the district court is reversed insofar as it awarded $1040.33 as a refund for the sales taxes paid in protest by Hilton relating to its transactions with Hotel Equipment Corporation. The judgment is affirmed insofar as it awarded Hilton the sum of $392.66. Accordingly, the judgment of the district court is amended to reduce the same from the original sum of $1432.99 to the sum of $392.66, together with legal interest thereon from the date of judicial demand until paid. All costs of these proceedings are assessed in the proportions of two-thirds against plaintiff and one-third against the Collector, with the latter amount being subject to such costs as are permitted by law.
AFFIRMED IN PART, REVERSED IN PART AND RENDERED.