569 So.2d 186 (1990)
UNITED COMPANIES PRINTING COMPANY
v.
CITY OF BATON ROUGE, Parish of East Baton Rouge, et al.
No. CA 89 1115.
Court of Appeal of Louisiana, First Circuit.
October 16, 1990.
Writ Denied January 4, 1991.
Theodore L. Jones, Brian J. Prendergast, Elizabeth F. Amos, Baton Rouge, for plaintiff-appellee United Companies Printing Co.
*187 David R. Cassidy, Gordon A. Pugh, Baton Rouge, for defendant-appellant City of Baton Rouge, Parish of East Baton Rouge, et al.
Before EDWARDS, WATKINS and LeBLANC, JJ.
EDWARDS, Judge.
United Printing Company, Inc., also referred to in the suit as United Companies Printing Company (United Printing), sued the City of Baton Rouge; Parish of East Baton Rouge, Department of Finance, Revenue Division; and Otha Lynn Scofield, individually, and in his capacity as Director of Finance (City-Parish), for a refund of sales and use taxes paid under protest. City-Parish appealed the trial court's judgment in favor of plaintiff, United Printing, that ordered a refund, together with interest until paid. United Printing answered the appeal and objected to the rate of interest awarded.

FACTS
United Printing is a wholly-owned subsidiary of United Companies Financial Corporation (UCFC). City-Parish, after an audit, assessed United Printing the sum of $32,331.10 with interest and penalties, for a total of $51,533.32. The assessment included $27,487.58 in sales tax from intercompany transfers and $4,843.52 in what was termed a use tax on purchases made by United Printing, as the vendee, on which no sales tax was collected or remitted by the vendor. The assessment was made based on an audit of the years 1981-84.
On April 2, 1985, UCFC paid, under protest, the $51,533.32 assessed to United Printing, and United Printing notified City-Parish of its intent to file suit for a refund. Subsequently, United Printing filed suit asking for a refund of the amount paid in protest and for interest from April 2, 1985, until the refund was made. City-Parish filed an answer and reconventional demand asking for the 10% attorney's fees as provided by law.
The trial court held that the intercompany transfers between United Printing and UCFC or its subsidiaries were not taxable events. The court held in favor of United Printing and ordered that the monies assessed and paid in protest be returned to United Printing, together with interest at the rate of 2% per annum from the date funds were received by the taxing authority until the date of refund.
City-Parish appealed and complained of the failure of the trial court (1) to find that the intercompany transfers were sales; (2) to order that the use taxes be paid by the vendee, United Printing; (3) to award attorney's fees to defendant; and (4) to uphold the penalties assessed against the taxpayer. United Printing answered the appeal and argued that the trial court award of interest on the refund at the rate of 2% per annum was incorrect. United Printing submits that the correct amount is 1¼ per month as provided, at the time of trial in December of 1988, by LSA-R.S. 33:2718(A)(2).

INTERCOMPANY TRANSFERS
United Printing makes printed forms. United Printing collected and paid the sales tax on all outside sales which comprise about 40% of its work. The disputed sales tax was assessed on intercompany transfers. United Printing supplies forms to UCFC and its other subsidiaries. City-Parish argues that United Printing is a separate corporation from UCFC and that the transfers are for consideration. Therefore, the transfers qualify as sales. United Printing cites Cajun Contractors, Inc. v. State, Department of Revenue and Taxation, 515 So.2d 625 (La.App. 1st Cir.1987), a case that was also relied on by the trial court. United Printing argues that the factors present in Cajun are analogous to those in this case.
In Cajun, some of the factors considered were: (1) treatment of the two entities for federal taxation purposes; (2) the purpose of the subsidiary or service company; (3) which entity employed the workers; and (4) whether the cost of the transferred items included a profit. See Cajun, 515 So.2d at 628. These are not the only possible factors for consideration, but the issue *188 and analysis here and in Cajun are the same: were the transactions sales or non-taxable intercompany transfers?
Section 1(b) of the Parish Sales Tax Ordinances applicable for the years in question defines a sale as "any transfer of title or possession or both ... in any manner or by any means whatsoever of tangible personal property for a consideration...."[1] The question becomes whether title or possession was transferred from United Printing to UCFC or its subsidiaries for consideration. The language of the ordinances tracks that of LSA-R.S. 47:301(12). Therefore, the case law interpreting Section 301(12) of the state statute is helpful in the analysis. The substance of the transaction, not the form, is controlling for the determination of tax liability for sales or use taxes. Cajun, 515 So.2d at 628.
The trial court held that the intercompany transfers were not taxable events subject to a sales tax. We agree.
All of the accounting records of both companies were kept by UCFC. The employees who worked at United Printing were paid by UCFC. UCFC owned the building and there was no evidence that United Printing paid any rent. The raw materials used to make the forms were paid for by UCFC. When the forms were completed, an invoice was prepared and sent to UCFC. The invoices carry the actual cost, with no mark-up for profit. In response, UCFC prepared a check made payable to United Printing which was endorsed and deposited in the UCFC account. No money was received by United Printing. In fact, United Printing had no bank account of its own. The president and the chairman of the board of UCFC testified that the purpose of the paper trail was to track expenses and to enable the parent company properly to allocate costs to each of its subsidiaries or service divisions. The physical assets, such as equipment, are allocated to United Printing on the company accounting records, but UCFC paid for the actual items. United Printing and UCFC file a consolidated federal tax return.
City-Parish cites Hilton Hotels Corp. v. Traigle, 360 So.2d 245 (La.App. 1st Cir. 1978). However, Hilton is distinguishable from this case. The service company formed by Hilton to provide equipment to the Hilton hotels employed separate personnel who were paid by the equipment company. The equipment company added a 10% mark-up to the cost of each item for profit.
The question of whether these facts evidence a taxable transaction, or sale, under the City-Parish ordinance is a question of law. See Cajun, 515 So.2d at 629. We find that the trial court did not err in its holding that the intercompany transfers were not sales and not taxable events.

COLLECTION OF SALES TAX FROM VENDEE
The second issue raised by the defendants concerns the $4,843.52 assessed to United Printing and called use taxes by the City-Parish, apparently to distinguish them from the sales tax due from the intercompany transfers. The amount represents sales taxes due but not collected or paid by the vendor or seller of equipment purchased by the vendee, United Printing. City-Parish assigns error to the trial court's failure to allow defendant to collect the taxes due from the vendee. United Printing does not dispute the amount owed, but does dispute the authority of the City-Parish to hold the vendee liable for sales tax not collected or paid by the vendor.
Section 4(a) of the Parish Sales and Use Tax Ordinances in effect in 1981-84 reads, in part, as follows:

Section 4. (a) The tax herein levied shall be collected by the dealer from the purchaser or consumer. The dealer shall have the same right in respect to collecting the tax from the purchaser, or in respect to non-payment of the tax by the *189 purchaser, as if the tax were a part of the purchase price of the property or charges for services, and payable at the time of the sale; provided, however, that the Parish of East Baton Rouge shall be joined as a party in any action or proceeding brought by the dealer to collect the tax.
Every dealer located outside the Parish, making sales of tangible personal property for distribution, storage, use or other consumption in this parish, shall at the time of making sales, collect the tax imposed by this ordinance from the purchaser.

Where the purchaser has failed to pay and a dealer has failed to collect a tax upon a sale as imposed by this ordinance, then in addition to all other rights, obligations and remedies provided, such tax shall be payable by the purchaser directly to the Parish of East Baton Rouge.... (emphasis added)
These provisions operate substantially the same as those provided in LSA-R.S. 47:304. However, the language of the ordinance section highlighted above is clearer concerning the authority of the City-Parish to proceed against the purchaser when the seller fails to collect the tax.
The Louisiana Supreme Court in Bill Roberts, Inc. v. McNamara, 539 So.2d 1226 (La.1989) interpreted LSA-R.S. 47:304 as providing authority for the taxing authority to proceed against the purchaser or consumer. Bill Roberts, Inc., 539 So.2d at 1229, n. 5.
We find no merit in United Printing's contention that the City-Parish had no authority to proceed against the purchaser or vendee for the taxes due and assessed. The trial court erred when it effectively denied this claim by ordering that the entire amount paid under protest be refunded. The amount of taxes owed and assessed to United Printing as the vendee was $4,843.52. This amount, together with the applicable statutory interest as provided by law, is not to be refunded.

PENALTIES
A penalty was also assessed on the $4,843.52 amount. The penalty assessed on delinquent taxes can be waived. LSA-R.S. 47:1603; Section 22 of the City and Parish Sales Tax Ordinances; St. Pierre's Fabrication and Welding, Inc. v. McNamara, 495 So.2d 1295, 1298 (La.1986); McNamara v. Stauffer Chemical Co., 506 So.2d 1252, 1259 (La.App. 1st Cir.), cert. denied, 512 So.2d 454, 455 (La.1987). In Stauffer Chemical Co., the court waived the assessed penalty for the following reasons:
Considering the inordinate period during which the taxing authorities made no serious effort to collect the taxes involved, coupled with the uncertainty of the applicability of the laws ..., we agree ... that the statutory and/or ordinance penalty for failure to voluntarily pay should not be assessed. Both justice and equity dictate nothing less.
Stauffer Chemical Co., 506 So.2d at 1259.
For these same reasons, the period of time which elapsed before the taxes were assessed to the vendee and the uncertainty of when the vendee becomes responsible, justice and equity dictate a waiver of the penalty in this case. Therefore, the penalty applicable to the $4,843.52 must be refunded.
The last assignment of error by the defendants concerns attorney's fees provided by LSA-R.S. 47:1512 and its counterpart, Section 7(C) of the City and Parish Sales Tax Ordinances. Under these provisions, the losing taxpayer must pay attorney's fees of 10% of the delinquent principal, interest, and any assessed penalty, when the taxing authority employs private counsel in its collection.
United Printing argues that attorney's fees can only be awarded in a collection case and not when the taxes have been paid under protest and a suit for refund has been filed. This argument has no merit. Whether the suit is for collection or refund is not determinative. The collection of taxes is not complete until the state obtains full use of the funds. South Central *190 Bell Telephone Company v. Traigle, 367 So.2d 1143, 1150-51 (La.1978).
However, the Louisiana Supreme Court, after finding that the provisions for attorney's fees were constitutionally proper, stated that the provisions for fees were subject to a judicial review of the reasonableness of the fee mandated by law. City of Baton Rouge v. Stauffer Chemical Co., 500 So.2d 397, 401 (La.1987).
In this case, the only amounts owed by plaintiff are the taxes and applicable statutory interest, without penalty, assessed to the plaintiff for the purchases made without a charge for sales tax. Based on the record, a charge of 10% of the total of the delinquent tax of $4,843.52, plus the interest due on that tax as provided by law, is not an unreasonable fee for the type and amount of legal services rendered.

INTEREST
United Printing, in its answer to the appeal, objects to the 2% per annum awarded by the court as interest to be paid on the refund. United Printing relies on LSA-R.S. 33:2718 and asserts that the correct amount is 1¼% per month from April 2, 1985, until the refund is made.
LSA-R.S. 33:2718(A)(1) and (2), at the time of trial, provided as follows:
A. Each political subdivision, as that term is defined in Article VI, Section 44(2) of the Constitution of Louisiana, shall compute on all refunds or credits and allow interest as part of the refund or credit as follows:
(1) From date of payment of the taxes, but prior to submission by the taxpayer of a claim for refund, interest shall be computed at a rate of not less than two per cent per annum.
(2) From date of submission by the taxpayer of a claim for refund, or from payment under protest, or from the date that the taxpayer gave the political subdivision notice of the taxpayer's intention to file suit for the recovery of any taxes paid, interest shall be at the same rate as the political subdivision imposes upon local taxes not paid and delinquent.
We find that Section 2718(A)(2) is applicable to the present situation.
On April 2, 1985, UCFC paid the taxes, interest, and penalties assessed to United Printing under protest and United Printing gave the City-Parish notice of its intention to file suit. Section 2718(A)(2) specifically deals with the interest to be paid from the date of a payment under protest or the date the taxpayer notified the taxing authority of its intention to file suit for the recovery of the taxes paid. That is the situation before us.
The interest imposed by political subdivisions at the time of the judgment was 1¼% per month. See LSA-R.S. 47:1601 and Sections 7(C) and 22 of the City and Parish Ordinances applicable at the time of trial. Therefore, the amount of interest awarded by the trial judge should have been 1¼% per month from April 2, 1985, until the refund due was paid.
For the foregoing reasons, the judgment of the trial court is reversed insofar as it orders the refund of $4,843.52, together with the applicable statutory interest. That amount is not to be refunded.
Further, it is Ordered, Adjudged, and Decreed that United Printing pay attorney's fees to defendant-appellants of 10% of the total of $4,843.52 plus the applicable statutory interest owed by United Printing.
The judgment is amended to provide for an award of interest to plaintiff, United Printing, on the amount refunded, of 1¼% per month, rather than 2% per annum, from April 2, 1985, until the date of refund.
In all other respects, the judgment of the trial court is affirmed. The costs of this appeal, $566.24, are to be divided equally between plaintiff, United Printing Company, Inc., and the defendant-appellants.
AMENDED, AND AS AMENDED, AFFIRMED IN PART, REVERSED IN PART, AND RENDERED.
NOTES
[1] Quoted portion is from the Parish Ordinance. The City Ordinance contains virtually the same language. Throughout the opinion, the sections of the Parish Ordinances applicable here and relied upon are the same as the City Ordinances. The sections cited or relied upon did not change, as they pertain to the issues, between 1981 and 1984.