728 So.2d 454 (1998)
LAKE CHARLES MEMORIAL HOSPITAL, Plaintiff-Appellant,
v.
PARISH OF CALCASIEU; Calcasieu Parish School Board; Calcasieu Parish Police Jury; The City Of Lake Charles; The Collector of Sales and Use Taxes for The Parish of Calcasieu; The Treasurer of Calcasieu Parish Police Jury; The Director of Finance for The City of Lake Charles, Defendants-Appellees.
No. 98-519.
Court of Appeal of Louisiana, Third Circuit.
December 9, 1998.
*455 Jesse R. Adams, Jr., New Orleans, for Lake Charles Memorial Hosp.
Russel Joseph Stutes, Jr., Baton Rouge, for Parish of Calcasieu.
Before DOUCET, C.J., and YELVERTON and AMY, JJ.
DOUCET, Chief Judge.
Lake Charles Memorial Hospital (the hospital) appeals two judgments of the trial court finding it liable for certain sales tax obligations and ordering it to pay penalties and attorney's fees.
In 1983, the hospital entered a contract with Owen Healthcare, Inc. (Owen) under which Owen was to staff and supply the pharmacy in the hospital and to provide drugs to the hospital's patients. In 1992, the Calcasieu Parish School Board (the School Board), as sales and use tax collector for itself, Calcasieu Parish, the Calcasieu Parish Police Jury and the City of Lake Charles, audited the hospital's books for the January 1, 1989 through August 31, 1992. As a result of the audit, the School Board assessed the hospital with $1,140,138.69 in sales taxes, interest and penalties allegedly due on sales from Owen to the hospital for the period from January 1, 1989 through March 31, 1993. The hospital paid the amount under protest and filed suit against the School Board to recover the assessment on 45 percent of the sales from Owen, claiming that 45 percent of the amount billed represented services not subject to sales tax.
The School Board filed a Motion for Partial Summary Judgment asserting that the remaining 45 percent of the billings were subject to sales tax. The hospital filed a Cross-Motion for Summary Judgment arguing the contrary. After a hearing, the trial court denied the hospital's cross-motion and granted the School Board's motion, and rendered judgment dismissing the hospital's action. Another hearing was held to decide whether the School Board was entitled to penalties and to set attorney's fees as authorized by local ordinance. The trial court rendered judgment awarding the penalties and attorney's fees requested. The hospital appeals both judgments.

TAXABLE SALES
This court described the review of motions for summary judgment in Hollander v. Days Inn Motel, 97-805, pp. 3-4 (La.App. 3 Cir. 12/10/97), 705 So.2d 1126, 1127-28:
The appellate review of summary judgment is a de novo review. Smith v. Our Lady of the Lake Hosp., 93-2512 (La.7/5/94), 639 So.2d 730. On review, we apply the same legal standards as did the trial court. Potter v. First Federal Savings & Loan, 615 So.2d 318 (La.1993). In this regard, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La. Code Civ.P. art. 966(B). Summary judgment procedure is now favored, and it shall be construed to "secure the just, speedy, and inexpensive determination of every action, except those disallowed by Article 969." La.Code Civ.P. art. 966(A)(2).
The mover's burden of proof is explained in paragraph C of Article 966 as follows:
(1) After adequate discovery or after a case is set for trial, a motion which shows that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law shall be granted.
(2) The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient *456 to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.
Subparagraph (C)(2), enacted pursuant to Act 483, § 1, of 1997, effective July 1, 1997, was intended to clarify Act 9, § 1, of the 1996 First Extraordinary Session and legislatively overrule all cases inconsistent with Hayes v. Autin, 96-287 (La.App. 3 Cir. 12/26/96), 685 So.2d 691, writ denied, 97-281 (La.3/14/97), 690 So.2d 41. Act 9 of the 1996 First Extraordinary Session changed summary judgment law in two ways: (1) supporting documents should now be equally scrutinized, and (2) the overriding presumption in favor of trial on the merits no longer applies. Id.

We must review the summary judgment with reference to the substantive law applicable to the case. To affirm summary judgment, we must find that reasonable minds would inevitably conclude that the mover is entitled to judgment as a matter of the applicable law on the facts before the court. Washington v. State, Dept. of Transp. & Development, 95-14 (La.App. 3 Cir. 7/5/95), 663 So.2d 47, writ denied, 95-2012 (La.11/13/95), 664 So.2d 405.
In connection with the summary judgment, the issue before us is whether any material issue of fact remains regarding whether the services provided by Owen to the hospital were incidental to the sale of tangible property or were separate and distinct from the sale of tangibles.
Calcasieu Parish Sales and Use Tax Ordinance Section 2.01 provides for a tax to be paid on "the sale at retail, the use, the consumption, the distribution and the storage for use of consumption in the District, of each item or article of tangible personal property,...." The parties agree that the services which are part of the sale are tangible personal property as defined by the ordinance.
The hospital argues that Owen provided a variety of services that were separate and distinct from the drugs provided and that no tax is due on the price of those services. In support of this argument, the hospital cites deposition testimony that indicates that the hospital originally entered the contract with Owen to obtain around the clock pharmacy services and qualified pharmacists. In support of its cross-motion for summary judgment and in opposition to the School Board's motion, the hospital also introduced the affidavit of Alvin Hoffpauir, the director of pharmacy for Owen at the hospital. Therein, he affirms that Owen supplies the following services: pharmacokinetic dosing services, nutrition support team, surgery satellite pharmacy, renal-elimination dosage adjustment, medical utilization review, adverse drug reaction reporting, computerized clinical notes and intervention program, antimicrobial therapy monitoring, therapeutic interchange program, code blue team, unit-based care conferences, drug information services, patient education, and drug price updating.
In support of its motion, the School Board submitted deposition testimony of several hospital and Owen employees. All of the deponents indicated that, under the contract existing for the tax periods at issue, the price paid by the hospital was based on the drugs sold to the hospital plus a markup. They agreed that if they had sold no drugs to it, the hospital would have paid nothing. Further, a review of their descriptions of the services rendered the hospital, and of the description of the services included in the deposition of Alvin Hoffpauir, shows that the services provided were all connected to and dependent on the supplying of drugs to the hospital: calculating appropriate dosages, determining drug interactions, providing information on new drugs, and keeping down the cost to the patient of drug therapies.
After reviewing the contracts, depositions, affidavits and the applicable ordinances, we find no question of material fact remains but that the services provided to the hospital by Owen were incidental to the sale of drugs to the hospital. Therefore, the trial court did not err in granting the School Board's motion for summary judgment.

PENALTIES FOR DELINQUENT PAYMENT
The hospital next argues that the trial court erred in ruling that the penalty provision of the tax ordinance at issue here is not *457 subject to a good faith defense and in awarding penalties to the School Board.
After reviewing the jurisprudence in this regard, we find no error in the trial court's determination that this question is controlled by Concordia Parish School Board v. Russ, 491 So.2d 1368 (La.App. 3 Cir.), writ denied, 496 So.2d 350 (La.1986) and L.A. Frey & Sons v. Lafayette Parish School Board, 262 So.2d 132 (La.App. 3 Cir.1972). In those cases, this court found that the fact that a taxpayer's failure to pay was based on a good faith belief that the amount was not due did not preclude recovery of the penalty provided in the statute. This position is supported by the Louisiana Supreme Court's decision in St. John the Baptist Parish School Bd. v. Marbury-Pattillo Const. Co., 259 La. 1133, 254 So.2d 607 (1971). The supreme court has not recently spoken directly to this issue and has not overruled its decision in the St. John case. Therefore, the trial court declined to consider a good faith defense to the award of penalties and correctly awarded the penalties provided by the ordinance.

ATTORNEY'S FEES
Finally, the hospital asserts that the trial court's award of attorney's fees is excessive. The trial court assessed the hospital with attorney's fees in the amount of $114,014.00, which is 10 percent of the aggregate of the tax interest and penalties assessed against the hospital.
La.R.S. 47:1512 provides statutory authority for an award of attorney's fees where taxes are found to be due.
The collector is authorized to employ private counsel to assist in the collection of any taxes, penalties or interest due under this Sub-title, or to represent him in any proceeding under this Sub-title. If any taxes, penalties or interest due under this title are referred to an attorney at law for collection, an additional charge for attorney fees, in the amount of ten per centum (10%) of the taxes, penalties and interest due, shall be paid by the tax debtor.
Liability for these attorney's fees does not depend upon whether the fees have been incurred in a collection case or in defense of a taxpayer's suit for a refund. United Companies Printing Co. v. City of Baton Rouge, 569 So.2d 186 (La.App. 1 Cir.1990), writ denied, 572 So.2d 73 (La.1991).
The hospital argues that, under the statute, the fee awarded should represent 10 percent of the amount that was referred to the attorney for collection plus interest and penalties. In this case, the trial judge awarded a fee of 10 percent of the amount of the entire assessment ($1,140,138.69) although the hospital, after originally paying the whole amount under protest, admitted that it owed $631,166.00 in tax and interest. In support of its position, the hospital cites South Central Bell v. Traigle, 367 So.2d 1143 (La.1978). However, that case concerned the situation where the entire amount paid under protest was ultimately contested. We could find no jurisprudence dealing directly with this question. The most closely analogous case is that of Liquidating Com'rs of New Orleans Warehouse Co. v. Marrero, 106 La. 130, 30 So. 305 (1901). In that case, the taxpayer tendered a partial payment of the tax assessed against it in an amount that the court found to be without a reasonable basis. The taxing authority rejected the partial payment. The supreme court held at page 309 of that opinion that:
[A]s far as the commissions due the tax collector's attorney are concerned, they must be paid on the full amount to be collected, including the amount deposited, for the reason that the same is compensation earned by him for successfully defending an injunction suit brought by plaintiffs to prevent the sale of their property in enforcement of the taxes due thereon.
Although this case is old, we find no more recent authority that more closely fits the situation before the court. Further, the case is still good law, not having been overturned in the time since it was released. Therefore, following the reasoning of the court in Liquidating Com'rs of New Orleans Warehouse Co., we find that the trial court correctly awarded attorney's fees based on the entire amount of the tax assessed.
Further, we find the amount to be a reasonable fee considering, among other factors, the time and labor spent in preparing *458 the case and the complexity of the issues involved, the amount involved and the result obtained and the experience, reputation and ability of the lawyers performing the services. See City of Baton Rouge v. Stauffer Chemical Co., 500 So.2d 397 (La.1987). Therefore, we affirm the attorney's fee awarded by the trial court. The School Board has asked, in its appeal brief, for an additional attorney's fee on appeal. However, the School Board neither filed a cross-appeal nor answered the hospital's appeal. Therefore, it is not entitled to an additional fee on appeal.

CONCLUSION
For these reasons, we affirm the judgment of the trial court granting the School Board's motion for summary judgment and its judgment setting the attorney's fee. Costs are assessed to the Plaintiff.
AFFIRMED.