# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 08-581


**BOYD RACING, LLC D/B/A DELTA DOWNS RACE TRACK & CASINO**


**VERSUS**

**RUFUS R. FRUGE AS DIRECTOR OF CALCASIEU PARISH SALES AND USE TAX DEPARTMENT**


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2003-6326
HONORABLE DAVID ALEXANDER RITCHIE, DISTRICT JUDGE


**\*\*\*\*\*\*\*\*\*\***


## ELIZABETH A. PICKETT
## JUDGE


**\*\*\*\*\*\*\*\*\*\***


Court composed of Jimmie C. Peters, Elizabeth A. Pickett, and J. David Painter, Judges.


**AFFIRMED.**

**Geneva Landrum**
**Louisiana Department of Revenue & Taxation**
**617 N. Third St**
**Baton Rouge, LA 70802**
**(225) 219-2080**
**Counsel for Defendant-Appellee:**
**Louisiana Department of Revenue and Taxation**

**Benjamin Wakefield Mount**
**Bergstedt & Mount**
**1011 Lakeshore Dr., Ste 200**
**Lake Charles, LA 70601**
**(337) 433-3004**
**Counsel for Plaintiff-Appellant:**
**Boyd Racing, LLC**

**Jaye A. Calhoun**
**Michael H. Rubin**
**Paul Slocomb West**
**Juliann Louise Keenan**
**McGlinchey Stafford, PPLC**
**1 American Place, 14th Floor**
**Baton Rouge, LA 70825**
**(225) 383-9000**
**Counsel for Plaintiff-Appellant:**
**Boyd Racing, LLC**

**Russell Joseph Stutes  Jr.**
**Stutes & Lavergne, LLC**
**713 Kirby St.**
**Lake Charles, LA 70601**
**(337) 433-0022**
**Counsel for Defendant-Appellee:**
**Calcasieu Parish Sales and Use Tax Department**
**Louisiana Department of Revenue and Taxation**

**W. Todd Fontenot**
**Fontenot & Fontenot**
**713 Kirby Street**
**Lake Charles, LA 70601**
**(337) 491-3864**
**Counsel for Defendant-Appellee:**
**Calcasieu Parish Sales and Use Tax Department**
**Louisiana Deptartment of Revenue and Taxation**

**PICKETT, Judge.**

The appellant in these consolidated cases, Boyd Racing, LLC, appeals a judgment of the trial court finding that Delta Downs Race Track & Casino is not exempt from sales taxes for purchases made in connection with its expenditures related to its slot machine casino and hotel projects.

## STATEMENT OF THE CASE

Boyd Racing operates Delta Downs Race Track & Casino in Vinton, Louisiana. In 1997, the legislature passed the Pari-Mutuel Live Racing Facility Economic Redevelopment and Gaming Act (the Act). La.R.S. 27:351, et seq. This legislation allowed Delta Downs to operate a slot machine casino on the premises of the horse racing track with the approval of the voters of Calcasieu Parish. Following voter approval, Delta Downs opened its slot machine casino in February 2002.

On November 21, 2003, Boyd Racing filed a lawsuit in Calcasieu Parish to recover sales and use taxes assessed by the Calcasieu Parish Sales and Use Tax Department (Calcasieu Parish) and paid by Boyd Racing under protest (Docket number 2003-6326). Boyd Racing claimed it was not required to pay sales and use taxes on the materials it purchased in conjunction with the renovation of its premises and construction and furnishing of the slots casino, restaurants, stores, and hotel. Calcasieu Parish alleged these taxes were due on purchases made from January 1, 1999 through July 31, 2002. Boyd Racing argued that La.R.S. 4:168 excluded these purchases from the sales and use taxes imposed by the state.

Louisiana Revised Statutes 4:168 appears in Chapter 4 of Title 4, which governs horse racing in this state. It states:

> The license fees, commissions, and taxes imposed in this Part are in lieu of all other such licenses, sales, excise and occupational taxes to

2

the state or to any parish, city, town, or other political subdivision thereof.

On December 28, 2005, the Louisiana Department of Revenue and Taxation (LDR), through its Secretary Cynthia Bridges, filed a suit in Calcasieu Parish to recover the general state sales tax for similar purchases made by Boyd Racing between July 1, 2002 and August 31, 2005, as well as interest and attorney fees (Docket number 2005-6017). On April 19, 2006, the trial court consolidated the two suits.

On December 16, 2003, Boyd Racing had filed suit against LDR in East Baton Rouge Parish seeking to recover the general state sales tax and interest thereon that Boyd Racing paid under protest following an administrative determination that the taxes were in fact owed. LDR assessed these sales taxes for the period June 1, 2001 through June 30, 2002. On May 31, 2006, the case was transferred to Calcasieu Parish (Docket number 2006-2888). On June 30, 2006, the trial court consolidated this suit with the first two.

Boyd Racing, Calcasieu Parish, and LDR all filed motions for summary judgment in the first two suits. The trial court heard the motions in open court on June 6, 2002. On June 15, 2006, the trial court found that La.R.S. 4:168 did not apply to the purchases made for the slot machine casino in open court, and signed a judgment granting partial summary judgment to Calcasieu Parish and LDR on October 10, 2006.

On September 1, 2006, after the trial court ruled on the motions for summary judgment and before the judgment was signed, Boyd Racing filed a petition seeking to recover sales and use taxes, interest, and penalties assessed by Calcasieu Parish and paid under protest for the period between January 1, 2002 and August 31, 2005

3

(Docket number 2006-4073). This suit was consolidated with the other three. In its answer to the suit, Calcasieu Parish sought attorney fees.

On December 17, 2007, the trial court held a hearing to determine if Calcasieu Parish could assess penalties in the fourth matter and whether an award of ten percent in attorney fees to Calcasieu Parish and LDR was excessive. The trial court found in favor of Calcasieu Parish and LDR on both issues. The trial court signed a judgment in conformity with its decision on January 25, 2008. The trial court also made clear that its ruling granting partial summary judgment applied to all four cases. The judgment included an allocation method for taxable and nontaxable transactions which was agreed upon by the parties.

Boyd Racing now appeals the judgment of the trial court.

## ASSIGNMENTS OF ERROR

The appellant, Boyd Racing, asserts four assignments of error:

1. The trial court failed to correctly interpret La.R.S. 4:168 by failing to conclude that the statute relieves Delta Downs Racetrack and Casino from paying state and parish use/sales tax on all purchases.

2. The trial court erred by failing to determine the ten percent attorney fees on each consolidated case were excessive.

3. The trial court erred by failing to determine that the attorney fees imposed for legal work done on behalf of Calcasieu Parish were in contravention of Rule 5.4(a) of the Rules of Professional Conduct.

4. The trial court erred in failing to determine that the penalties assessed by Calcasieu Parish for the second audit were unreasonable and unlawful.

## DISCUSSION

**Application of Louisiana Revised Statute 4:168**

An appellate court reviews judgments granting a motion for summary judgment using a *de novo* standard of review. *Gray v. Am. Nat. Prop. & Cas. Co.*, 07-1670 (La.

4

2/26/08), 977 So.2d 839. Likewise, the proper interpretation of a statute is a question of law which is reviewed on appeal *de novo*. *Cleco Evangeline v. Louisiana Tax Com'n,* 01-2162 (La. 4/3/02), 813 So.2d 351.

Louisiana Revised Statutes 4:168 appears in Chapter 4, Part I of Title 4. This part, titled "Horse Racing," creates and empowers the state racing commission to govern horse racing and sets licensing and wagering requirements and rules. The statute also sets licensing fees payable to the state and the parish for those involved in the conduct of the races and for the holding of races, a per person attendance tax, and taxes on the wagering pools. Louisiana Revised Statutes 4:168 states:

> The license fees, commissions, and taxes imposed in this Part are in lieu of all other such licenses, sales, excise and occupational taxes to the state or to any parish, city, town, or other political subdivision thereof.

Boyd Racing argues that as the operator of a horse racing facility, it is excused from paying state and parish sales and use taxes, even on the construction and operation of a slot machine casino. Calcasieu Parish argues that the slot machine casino and hotel, which were authorized under Title 27 of the Revised Statutes, are distinct from the horse racing facility and that Boyd Racing is required to pay the sales and use taxes for purchases made.

By its own terms, La.R.S. 4:168 creates a trade-off for horse racing facilities. In exchange for the payment of the taxes and fees imposed for its horse racing activities, the facilities do not have to pay state and local use taxes. In this respect, we find the language of the statute determinative of the issue before us. The statute specifically says that the fees "imposed in this Part are in lieu of" state and local sales and use taxes.

5

The statute allowing the horse racing facilities to operate slot machine casinos appears in Title 27. In furtherance of the legislation's stated goals of furthering the horse breeding industry, the statute does provide for significant contributions to the purses for horse races and to horsemen's groups from the net proceeds of the slot machine casino. But Title 27 contains no trade-off provision similar to La.R.S. 4:168. The Act did not create any new burdens for Boyd Racing under Title 4, Chapter 4, Part I. As such, we find that La.R.S. 4:168 does not apply to excuse Boyd Racing from paying sales and use taxes associated with the operation of a slot machine casino authorized under Revised Statutes Title 27.

Boyd Racing argues that the same rationale for allowing the taxes paid under the horse racing laws to offset the sales and use taxes normally paid to state and local governments exists in the statute allowing a slot machine casino at a race track. Boyd Racing points out that the taxes imposed on its slot machine casino are significantly higher than those paid by other casinos in the state, and that eighteen percent of its net proceeds from the casino are required to be paid in some way to the horse racing industry. These higher taxes, it argues, should be offset by excusing them from the payment of state and local sales and use taxes. We disagree.

Finally, Boyd Racing argues that the horse racing facility and the slot machine casino at Delta Downs should not be considered two separate entities. Instead, it argues that the slot machine casino can only operate at Delta Downs because it is a horse racing facility. Thus, it argues La.R.S. 4:168 should be read to offset all purchases made by Boyd Racing, whether they are racing related or not, because without the racing facility there would be no non-racing purchases. Again, we disagree. We find that the Act allowed Delta Downs to operate a slot machine casino

6

at the situs of its racetrack, but enacted an entirely new set of regulations for operating the slot machine casino, specifically with regard to the taxes and fees which had to be paid for the operation of the slot machines. In defining those taxes and fees, the legislature did not create an offset similar to La.R.S. 4:168, and we will not create one.

**Attorney Fees**

Boyd Racing argues in its second and third assignments of error that the attorney fees awarded in this case are excessive. First, it argues that the attorney fees are excessive because the final amount awarded does not take into account the fact that Calcasieu Parish and LDR had the same attorneys. The statute allowing the award of attorney fees to the state is La.R.S. 47:1512, which states:

> The collector is authorized to employ private counsel to assist in the collection of any taxes, penalties or interest due under this Sub-title, or to represent him in any proceeding under this Sub-title. If any taxes, penalties or interest due under this title are referred to an attorney at law for collection, an additional charge for attorney fees, in the amount of ten per centum (10%) of the taxes, penalties and interest due, shall be paid by the tax debtor.

Similarly, Calcasieu Parish Tax Ordinance Section 6.09 states:

> DELINQUENT INTEREST AND PENALTIES. If the amount of tax due by the dealer is not paid on or before the twentieth (20th) day of the month next following the month for which the tax is due, there shall be collected with said tax, interest upon said unpaid amount at the rate of one and one-quarter (1 1/4 %) percent per month, or fractional part thereof. In addition, there shall be collected a penalty equivalent to five (5%) percent per month, or fraction thereof, not to exceed twenty-five (25%) in aggregate, of the tax due, when such tax is not paid on or before the twentieth (20th) day of the month next following the month for which the tax is due. Both interest and penalty will be computed from the first day of the month next following the month for which the tax is due. In the event of suit, attorney's fees will be charged the dealer at the rate of ten (10%) percent of the aggregate of tax, interest and penalty. All interest and penalties due for subsequent months will be assessed and due as of the first day of each succeeding month. The District Attorney is authorized to employ private counsel to assist in the

7

> collection of any sales and use taxes, penalties or interest due under this Ordinance, or to represent him in any proceeding under this Ordinance.

The ten percent fee imposed by the court is statutory, but the supreme court has held that the fee must be reasonable. *City of Baton Rouge v. Stauffer Chemical Co.*, 500 So.2d 397 (La.1987). "A trial court has much discretion in fixing attorney fees, and its award will not be modified on appeal, absent an abuse of discretion." *J. Ray McDermott, Inc. v. Morrison*, 96-2685, p. 4 (La.App. 1 Cir. 11/7/97), 702 So.2d 364, 367, *writs denied*, 97-3061, 97-3063 (La. 2/13/98), 709 So.2d 754.

The trial court heard evidence about the contingency nature of the attorney fees awarded to the state and the amount of work done in the case. The trial court also heard evidence from an expert in commercial litigation regarding the reasonableness of the fee. This evidence supports the findings of the trial court. We find no abuse of discretion on the part of the trial court.

Boyd Racing also argues that Calcasieu Parish was charged on an hourly basis by its attorneys (for a total of about $90,000.00, according to the transcript), and if it is allowed to collect the full ten percent of the taxes, interest and penalties (about $270,000.00), Calcasieu Parish will receive a windfall. It also argues that Calcasieu Parish cannot share attorney fees with the attorney, as such an arrangement would be a violation of Rule 5.4(a) of the Rules of Professional Conduct. We have found no abuse of discretion in the trial court's award of attorney fees, and these arguments do not change our determination. The language of the statute allows Calcasieu Parish to recover attorney fees of ten percent of the taxes, interest and penalties, regardless of the actual compensation for the attorney, as long as such an amount is reasonable. "Liability for these attorney's fees does not depend upon whether the fees have been incurred in a collection case or in defense of a taxpayer's suit for a refund." *Lake*

8

*Charles Memorial Hosp. v. Parish of Calcasieu*, 98-519, p. 6 (La.App. 3 Cir. 12/9/98), 728 So.2d 454, 457, *writ denied*, 99-71 (La. 3/12/99), 739 So.2d 213. The attorney fee in such a case is awarded to the parish directly for the purpose of hiring an attorney. We will not comment on whether Rule 5.4(a) is implicated in this case since this court lacks the authority to determine whether there has been a violation of the Rules of Professional Conduct.

**Penalties**

Finally, Boyd Racing argues that it should not be required to pay penalties in lower court docket number 2006-4073, asserting a good faith defense. This court has repeatedly held that a good faith defense is not available in tax delinquency cases, given the supreme court's decision in *St. John the Baptist Parish School Board v. Marbury-Pattillo Construction Co., Inc.*, 259 La. 1133, 254 So.2d 607 (1971). *See Mercury Cellular Tel. Co. v. Calcasieu Parish*, 00-318 (La.App. 3 Cir. 12/13/00), *writ denied*, 01-126 (La. 3/16/01), 787 So.2d 314; *Lake Charles Memorial Hosp.*, 728 So.2d 454. We find that the narrow exception to this rule articulated in *BP Oil Co. v. Plaquemines Parish Government*, 93-1109 (La.9/6/94), 651 So.2d 1322, is inapplicable in the instant case.

**<u>CONCLUSION</u>**

The judgment of the trial court is affirmed. Costs of this appeal are taxed against Boyd Racing, LLC.

**AFFIRMED.**