500 So.2d 397 (1987)
CITY OF BATON ROUGE, et al.
v.
STAUFFER CHEMICAL COMPANY.
No. 86-CA-1357.
Supreme Court of Louisiana.
January 12, 1987.
*398 J. David Bourland, Baton Rouge, for plaintiff-appellant.
Roger M. Fritchie, Robert L. Roland, Watson, Blanche, Wilson & Posner, Baton Rouge, for defendant-appellee.
MARCUS, Justice.
This appeal by the City of Baton Rouge, Parish of East Baton Rouge and East Baton Rouge Parish School Board, hereinafter collectively referred to as the City-Parish, challenges the judgment of the district judge holding unconstitutional that portion of a state statute and certain parish sales tax ordinances which mandates payment by the losing taxpayer of attorney fees of ten percent (10%) of the taxes, interest, and penalties determined to be due when the taxing authority employs private counsel in the collection thereof. The judge found that the mandatory attorney fee provision abrogated this court's exclusive jurisdiction as conferred by our state constitution to regulate the practice of law.
The facts are generally not in dispute. Stauffer Chemical Company (Stauffer) built its plant in East Baton Rouge Parish during the 1940s where it continues to manufacture sulfuric acid for sale to industrial consumers. It also constructed a unit to regenerate sulfuric acid owned by its customers by removing impurities which get into the acid during the manufacturing process of those customers and by removing water absorbed by the acid during its use. In 1979, the Department of Revenue and Taxation of the State of Louisiana (Department) filed suit in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, via ordinaria, against Stauffer for delinquent sales taxes and interest for the years 1973 through 1975, *399 contending that Stauffer's regeneration of sulfuric acid owned by its customers constituted a "repair" of that acid within the "sale of services" provision of the state sales tax statute.[1] The Department did not seek penalties. Further, the Department's case was handled by one of its staff attorneys, thereby barring it from recovery of the statutory attorney fees provided in La. R.S. 47:1512.[2]
During the pendency of this suit, the City-Parish asserted a claim for local sales taxes, interest and penalties for the years 1976 through 1979 and later for the years 1980 through 1984 pursuant to various local tax ordinances. By letter to Stauffer, the City-Parish demanded payment of taxes, penalties and interest totaling $4,997,705.65 for the two periods. In response thereto, Stauffer filed an "Appeal, Petition for Writ of Mandamus and Rule Nisi" against the City-Parish in the Nineteenth Judicial District Court, contesting the City-Parish's demand for taxes, interest and penalties. Thereafter, the City-Parish filed a tax rule by summary proceeding pursuant to La.R.S. 47:1574 in the action filed by Stauffer against the City-Parish, asserting a claim for sales and use taxes, penalties and interest for the years 1976 through 1984 in the amount of $7,632,517.00, together with attorney fees in the amount of ten percent (10%) of the taxes, penalties and interest determined to be due, as the City-Parish employed private counsel in its collection matter.[3] The issue raised with respect to taxes due in the tax rule filed by the City-Parish was identical to that raised in the Department sales tax litigation, that is, whether Stauffer's regeneration of its customers' used sulfuric acid is taxable as a service under the various tax laws at issue. Consequently, the City-Parish's rule was fixed for trial contemporaneously with the trial of the Department suit.
Judgment was rendered in favor of the Department in the amount of $641,410.17 representing delinquent taxes and interest. Judgment was also rendered in favor of the City-Parish in the amount of $6,524,483.49 representing delinquent taxes and interest. The district judge "waived" penalties in that case. The judge, citing Leenerts Farms, Inc. v. Rogers, 421 So.2d 216 (La. 1982), rejected the City-Parish demand for attorney fees, finding the mandatory attorney fee portion of La.R.S. 47:1512[4] and the applicable local ordinances[5] unconstitutional.[6] Instead, he ordered Stauffer to pay attorney fees of the City-Parish in the amount of $50,000.00 with interest from demand as he considered this amount to be reasonable under the circumstances. Stauffer suspensively appealed both of these judgments to the court of appeal. The City-Parish filed a direct appeal to this court from the decision of the district court declaring the mandatory attorney fee portion of La.R.S. 47:1512 and the applicable local ordinances unconstitutional. La. Const. art. 5, § 5(D).
Therefore, the issue presented in this appeal is the constitutionality of that portion of La.R.S. 47:1512 and its counterpart in the parish sales tax ordinances *400 which mandates that the losing taxpayer pay, as an additional charge, attorney fees of ten percent (10%) of the delinquent principal, interest, and penalties determined to be due, when the taxing authority employs private counsel in its collection.[7]
La. Const. art. 5, § 5(B) provides that the supreme court has exclusive original jurisdiction of disciplinary proceedings against a member of the bar. The supreme court has a duty to assert that authority to regulate the practice of law. This court's prevailing judicial authority resulted in the adoption and promulgation of the Articles of Incorporation of the Louisiana State Bar Association, which Articles came to incorporate the Code of Professional Responsibility. The Code of Professional Responsibility (Code) which regulates attorneys' practices has been recognized as having the force and effect of substantive law. Leenerts Farms, supra; Saucier v. Hayes Dairy Products, Inc., 373 So.2d 102 (La. 1979). As a result, these rules set forth by virtue of the court's exercise of its prevailing judicial authority override legislative acts which tend to impede or frustrate that authority. Saucier, supra.
The Code's Disciplinary Rule 2-106, Fees for Legal Services, provides in pertinent part:
(a) a lawyer should not enter into an agreement for, charge, or collect an illegal or clearly excessive fee.

(b) a fee is clearly excessive when, after facts, a lawyer of ordinary prudence would be left with a definite and firm conviction that the fee is in excess of a reasonable fee. Factors to be considered as guides in determining the reasonableness of the fee include the following:
(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal services properly;
(2) the likelihood, if apparent to the client, that the acceptance of the particular employment would preclude other employment by the lawyer;
(3) the fee customarily charged in the locality for similar legal services;
(4) the amount involved and the results obtained;
(5) the time limitations imposed by the client or by the circumstances;
(6) the nature and the length of time of professional relationship with the client;
(7) the experience, reputation and ability of the lawyer or lawyers performing the service; and
(8) whether the fee is fixed or contingent.
(Emphasis added.)
Louisiana courts have not hesitated to apply the guidelines of Disciplinary Rule 2-106 in their review and control of attorney *401 fees established by contract between the parties. This court in Leenerts Farms, supra, found that the prohibition against a lawyer collecting a clearly excessive fee could not be abrogated by a provision in a note fixing the amount of attorney fees as a percentage of the amount to be collected. Thus, despite such a provision fixing attorney fees in the parties' contractthe law between the partiescourts may inquire as to the reasonableness of the attorney fee as part of their prevailing, inherent authority to regulate the practice of law. Likewise, existing jurisprudence supports this court's holding that the Code overrides legislative acts which tend to frustrate its provisions. Singer, Hutner, Levine, Seeman & Stuart v. Louisiana State Bar Association, 378 So.2d 423 (La.1979); Scott v. Kemper Insurance Company, 377 So.2d 66 (La.1979); Saucier, supra. These cases hold that a statute may have no effect insofar as it is in conflict with Code Disciplinary Rules governing attorneys' conduct.
In the instant case, that portion of La.R.S. 47:1512 and its counterpart in the parish sales tax ordinances attempts to regulate attorney fees. The prohibition against a lawyer accepting a "clearly excessive fee" cannot be abrogated by a law fixing the amount of attorney fees as a percentage of the amount to be collected. Despite such a law, the courts may inquire into the reasonableness of such a fee. The provisions at issue do not per se conflict with this court's exclusive constitutional authority to regulate the practice of law in this state. It is only when the attorney fees fixed pursuant to these laws are excessive and unreasonable that the laws conflict with the limitations set forth in Disciplinary Rule 2-106. Therefore, these provisions are not unconstitutional. Rather, they are subject to judicial scrutiny on a case by case basis regarding whether the attorney fees as mandated by law are reasonable and not excessive under the circumstances. Accordingly, we will remand this case to the court of appeal to consider, in conjunction with its review of other issues on appeal, whether the attorney fees (if owed) as mandated under the laws in question are excessive and unreasonable for the legal services performed and, if so, whether the amount of attorney fees fixed by the trial judge was reasonable under the circumstances.

DECREE
For the reasons assigned, the holding of the district court that that portion of La. R.S. 47:1512 and its counterpart in the parish sales tax ordinances which mandates the payment of ten percent (10%) attorney fees is unconstitutional is reversed. This case is remanded to the court of appeal to consider, in conjunction with its review of other issues on appeal, whether the attorney fees (if owed) as mandated under the laws in question are excessive and unreasonable for the legal services performed and, if so, whether the amount of attorney fees fixed by the trial judge was reasonable under the circumstances.
NOTES
[1] See La.R.S. 47:301, et seq.
[2] La.R.S. 47:1512 provides as follows:

The collector is authorized to employ private counsel to assist in the collection of any taxes, penalties or interest due under this Subtitle, or to represent him in any proceeding under this Sub-title. If any taxes, penalties or interest due under this title are referred to an attorney at law for collection, an additional charge for attorney fees, in the amount of ten per centum (10%) of the taxes, penalties and interest due, shall be paid by the tax debtor.
[3] The local ordinances listed in footnote 5, infra, contain the same provision for attorney fees as that found in La.R.S. 47:1512.
[4] See footnote 2, supra.
[5] The local sales and use tax ordinances of East Baton Rouge Parish which were declared unconstitutional by the district court are as follows: 4569, 4570, 4731, 4732, 5099, 5100, 5255, 5256, 5431, 5432, 5590, 5591, 5803, 5804, 6018, 6019, 7346 and 7348.
[6] As of the date of judgment, attorney fees at ten percent (10%) of delinquent taxes and interest would have been $652,448.00. Additionally, this amount would have increased as interest accumulated.
[7] The City-Parish argues that the issue of the unconstitutionality of the various laws is not before this court because that issue was not properly raised in the district court, citing Lemire v. New Orleans Public Service, Inc., 458 So.2d 1308 (La.1984) and Johnson v. Welsh, 334 So.2d 395 (La.1976), for the proposition that the assertion of unconstitutionality must be pleaded prior to the conclusion of the action in the trial court. However, in the instant case the issue was raised in the district court by the district judge when called upon to fix attorney fees pursuant to the laws in question. A separate hearing on this issue was held, affording both parties time to fully brief and argue the constitutionality of the laws. A court has authority to raise the issue of the constitutionality of a statute when that statute interferes with or curtails the plenary power vested in the court by the state constitution. State v. Gatlin, 241 La. 321, 129 So.2d 4 (1961). Thus, the issue was properly before the district court. Moreover, the issue was tried by either the express or implied consent of the parties. La.Code Civ.P. art. 1154.

Additionally, the City-Parish contends that because its action was a summary proceeding pursuant to La.R.S. 47:1574, the district court could not consider any defense to its claims which were not presented and filed at one time prior to the time fixed for the hearing. La.R.S. 47:1574(2). Since the defense of unconstitutionality was not pleaded at this time, the City-Parish contends that it could not be considered by the district court. We reject this contention as Stauffer did timely file a general denial to all the allegations asserted by the City-Parish including that related to attorney fees. This denial was sufficient to satisfy the requirements of La.R.S. 47:1574(2).