702 So.2d 364 (1997)
J. Ray McDERMOTT, INC. formerly OPI International, Inc.
v.
Ben MORRISON, Secretary of the Department of Revenue and Taxation, State of Louisiana.
No. 96 CA 2685.
Court of Appeal of Louisiana, First Circuit.
November 7, 1997.
*365 Bruce J. Oreck, Jesse R. Adams, Jr. and Anne Derbes Keller, New Orleans, for Plaintiff/Appellant J. Ray McDermott, Inc. formerly OPI International, Inc.
Robert R. Rainer, Baton Rouge, for Defendant/Appellee.
Before GONZALES and PARRO, JJ., and TYSON,[1] J. Pro Tem.
GONZALES, Judge.
In this appeal, a taxpayer, J. Ray McDermott, Inc.[2] (McDermott), challenges a judgment ordering it to pay attorney fees to the Louisiana Department of Revenue and Taxation (Department). McDermott contends that the trial court did not follow the guidelines of Rule 1.5 of the Code of Professional Responsibility in setting the amount of attorney fees. In answer to the appeal, the Department seeks to have the attorney fees increased.

I. FACTS AND PROCEDURAL HISTORY
After paying a tax assessment under protest, McDermott filed suit against the Department, seeking a refund. The Department answered the petition and reconvened for additional taxes, interest, and penalties. Both parties filed motions for summary judgment. The trial court granted the Department's motion for partial summary judgment and denied McDermott's motion for summary judgment. The trial court's judgment was timely appealed to this court. See McDermott v. Morrison, 96-2337 (La.App. 1st Cir. 11/7/97).
Following the trial court's judgment on the merits, the Department filed a motion to fix attorney fees under La. R.S. 47:1512, seeking 10% of the $869,386.96 awarded to the Department pursuant to its motion for summary judgment. After a hearing, the trial court signed a judgment ordering McDermott to pay attorney fees to the Department in the amount of $76,600.00. McDermott appeals *366 from the adverse judgment, and the Department answers the appeal.

II. ATTORNEY FEES UNDER LA. R.S. 47:1512
Under La. R.S. 47:1512, the Secretary of the Department[3] is authorized to employ private counsel to assist in the collection of taxes. If any taxes, penalties, or interest due under state taxation laws are referred to an attorney for collection, and the Department obtains a favorable judgment, the taxpayer is liable for the amounts due, plus 10% of that amount as attorney fees. Louisiana Revised Statute 47:1512 provides:
The collector is authorized to employ private counsel to assist in the collection of any taxes, penalties or interest due under this Sub-title, or to represent him in any proceeding under this Sub-title. If any taxes, penalties or interest due under this title are referred to an attorney at law for collection, an additional charge for attorney fees, in the amount of ten per centum (10%) of the taxes, penalties and interest due, shall be paid by the tax debtor.
In McDermott's appeal on the merits, we affirmed the trial court's judgment that awarded the Department $869,386.96 in taxes and interest and denied an award of penalties. McDermott v. Morrison, 96-2337 (La. App. 1st Cir. 11/7/97). The trial court's attorney fee award herein of $76,600.00 is less than $86,938.70, the 10% provided for in La. R.S. 47:1512. According to McDermott, the attorney fees are excessive; according to the Department, the attorney fees should be increased to the full 10% statutorily allowed.
Attorney fees awarded under La. R.S. 47:1512 are subject to judicial scrutiny on a case by case basis to determine whether they comport with Rule 1.5 of the Rules of Professional Conduct. City of Baton Rouge v. Stauffer Chemical Company, 500 So.2d 397, 401 (La.1987).[4] Rule 1.5 states, "A lawyer's fee shall be reasonable." The requirement that an attorney fee be reasonable cannot be abrogated by a statute fixing the amount of attorney fees as a percentage of the amount to be collected. Therefore, although La. R.S. 47:1512 may authorize 10% as attorney fees, these fees are subject to review and control by the courts to determine reasonableness. See Thibaut, Thibaut, Garrett and Bacot v. Smith and Loveless, Inc., 517 So.2d 222, 225 (La.App. 1st Cir. 1987).
In City of Baton Rouge v. Stauffer Chemical Company, 500 So.2d at 401, the Louisiana Supreme Court determined that an award of 10% for attorney fees under La. R.S. 47:1512 is permitted if the fees are reasonable for the legal services performed. To determine the reasonableness of the award, Rule 1.5 provides the following factors to be considered by the court:
(1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
(3) The fee customarily charged in the locality for similar legal services;
(4) The amount involved and the results obtained;
(5) The time limitations imposed by the client or by the circumstances;
(6) The nature and length of the professional relationship with the client;
(7) The experience, reputation, and ability of the lawyer or lawyers performing the services; and

*367 (8) Whether the fee is fixed or contingent.
A trial court has much discretion in fixing attorney fees, and its award will not be modified on appeal, absent an abuse of discretion. Theriot v. Bourg, 96-0466 (La.App. 1st Cir. 2/14/97), 691 So.2d 213, 227, writ denied, 97-1151 (La.6/30/97), 696 So.2d 1008; McNamara v. Stauffer Chemical Company, 506 So.2d 1252, 1259 (La.App. 1st Cir.), writs denied, 512 So.2d 454, 455 (La.1987). Contrary to McDermott's argument on appeal, the trial court's oral reasons for judgment indicate that it considered the factors set forth in Rule 1.5 in setting the attorney fee award herein. The reasons also indicate that the trial court was fully aware that La. R.S. 47:1512 allowed for an award of 10% of its previous judgment of $869,386.96. Apparently, the trial court concluded that an award of 10% in attorney fees was excessive for the legal services performed in this case.
After a thorough review of the record, we conclude that an award of $76,600.00 is a reasonable amount; we cannot say that the trial court's failure to award less or more than this amount was an abuse of discretion.[5]

III. DECREE
For the foregoing reasons, the judgment of the trial court, fixing attorney fees in the amount of $76,600.00, with legal interest from August 6, 1996 until paid, is AFFIRMED. Costs of this appeal in the amount of $965.78 are assessed equally to McDermott and to the Department, each to pay $482.89.
NOTES
[1] The Honorable Ralph E. Tyson, Judge, Nineteenth Judicial District Court, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] As indicated by the suit caption, the plaintiff's former corporate name was OPI International, Inc. An amended application for Certificate of Authority form was filed and recorded with the Louisiana Secretary of State on March 31, 1995, changing the plaintiff's name to J. Ray McDermott, Inc.
[3] Louisiana Revised Statute R.S. 47:1512 authorizes the "collector" to employ private counsel for the collection of taxes. In La. R.S. 47:1501(A), "collector" is defined as the Secretary of the Department.
[4] In City of Baton Rouge v. Stauffer Chemical Company, the Supreme Court referenced Code of Professional Responsibility Rule 2-106 as the source for the requirement that attorney fees be reasonable. Effective January 1, 1987, the Rules of Professional Conduct replaced the Code of Professional Responsibility. The substance of former Rule 2-106 is now found in Rule 1.5(a)(d).
[5] We note that, in its answer to McDermott's appeal, the Department does not request additional attorney fees for services performed in conjunction with the appellate portion of this case. See Shell Oil Company v. Secretary, Revenue and Taxation, 95-2113 (La.App. 4th Cir. 3/14/96), 671 So.2d 1026, 1032-1033, aff'd, 96-0929 (La.11/25/96), 683 So.2d 1204.