938 So.2d 786 (2006)
Cynthia BRIDGES, Secretary of the Department of Revenue, State of Louisiana
v.
LYONDELL CHEMICAL COMPANY (Successor in Interest Through Merger to Lyondell Chemical Worldwide, Inc., in Turn Successor to ARCO Chemical Company).
No. 2005 CA 1535.
Court of Appeal of Louisiana, First Circuit.
June 9, 2006.
Rehearing Denied August 1, 2006.
*787 John J. Weiler, John J. Steger, IV, New Orleans, Counsel for Plaintiff/Appellee Cynthia Bridges, Secretary of the Department of Revenue, State of Louisiana.
Robert W. Nuzum, New Orleans, Counsel for Defendant/Appellant Lyondell Chemical Company.
Before: CARTER, C.J., DOWNING, and GAIDRY, JJ.
GAIDRY, J.
A corporate taxpayer appeals a judgment awarding attorney fees to the Louisiana Department of Revenue pursuant to La. R.S. 47:1512. We reverse.

FACTS AND PROCEDURAL HISTORY
Lyondell Chemical Company (Lyondell) is a foreign corporation authorized to do business in Louisiana. Lyondell and its predecessor corporation, ARCO Chemical Company, were the subjects of three separate audits by the Louisiana Department of Revenue (the Department). The second audit formed the basis of the present action, instituted by the Department's secretary (the secretary) in her capacity as collector of revenue.[1] In its petition filed on December 15, 2000, the Department alleged that the second audit revealed that Lyondell owed additional corporate income tax of $113,677.00 for the years 1991 and 1992, together with accrued statutory interest of $102,049.01. Further, it was alleged that Lyondell owed additional corporate franchise taxes totaling $72,910.00 for the years 1992, 1993, 1994, and 1995, plus accrued statutory interest of $60,128.36. Finally, the Department alleged that it had exercised its authority under La. R.S. 47:1512 to retain private counsel to assist it in the collection of the taxes due, that such counsel had instituted the litigation on its behalf, and that its counsel was entitled to attorney fees authorized by the statute.
Lyondell answered the petition, denying liability for the additional taxes and interest claimed. The parties thereupon engaged in extensive correspondence and settlement discussions, which eventually culminated in a global settlement conference on April 16, 2002, arranged by the Department's counsel at Lyondell's request. The express purpose of the conference was to negotiate settlement of the Department's claims in all three audits.[2] *788 As the result of the conference, the parties reached a tentative settlement regarding the corporate income and franchise taxes due in June 2002. However, they were unable to come to terms regarding the issue of attorney fees claimed by reason of the Department's retention of private counsel under the authority of La. R.S. 47:1512.
Lyondell had also been audited by the Internal Revenue Service (IRS) regarding its federal income tax returns for the years 1989 through 1993. Lyondell also contested its 1987 and 1988 federal income tax liability, and in December 2002 reached a settlement with the IRS. Because Louisiana corporate income tax is based upon federal taxable income, that settlement required recalculation of Lyondell's Louisiana corporate tax liability.[3] With regard to the taxes at issue in this litigation, it was ultimately determined that Lyondell had a final Louisiana corporate income tax liability of $43,364.00 for 1991 and a franchise tax liability of $76,378.00 for the years 1992 through 1995, excluding accrued interest. On October 10, 2003, the parties entered into an in globo settlement of the tax disputes in all three audits. The result was a net refund of $152,094.26 paid by the Department, by reason of Lyondell's overpayment of corporate and franchise taxes in some of the eleven tax years at issue, combined with interest thereon, being offset against the taxes and interest otherwise payable.
After the trial court denied Lyondell's motion to dismiss the remaining attorney fees claim on the grounds of abandonment, the Department filed a contradictory motion for an award of attorney fees. Lyondell opposed the motion, on the grounds that pursuant to the in globo settlement, it received a net refund of taxes and interest of $69,723.09 attributable to the corporate income and franchise tax years at issue in this litigation.[4]
The Department's motion for attorney fees was heard on February 18, 2005. The trial court ruled in favor of the Department, awarding it $30,317.00 in attorney fees. Its judgment was signed on March 7, 2005.[5] Lyondell appeals.

ASSIGNMENTS OF ERROR
For ease of analysis, we summarize and condense Lyondell's assignments of error as follows:
(1) The trial court erred in concluding that there were taxes and interest due by Lyondell for purposes of La. R.S. 47:1512, when it received a net refund for overpayment of taxes;
(2) Based on the foregoing, the trial court erred in awarding an additional charge for attorney fees pursuant to La. R.S. 47:1512; and
(3) The court's award of $30,317.00 in attorney fees was unreasonable and excessive according to the standards set forth in Rule 1.5 of the Rules of Professional Conduct of the Louisiana State Bar Association.

ANALYSIS
The statute at issue, La. R.S. 47:1512, provides:

*789 The collector [secretary] is authorized to employ private counsel to assist in the collection of any taxes, penalties or interest due under this Sub-title, or to represent him in any proceeding under this Sub-title. If any taxes, penalties or interest due under this title are referred to an attorney at law for collection, an additional charge for attorney fees, in the amount of ten per centum (10%) of the taxes, penalties and interest due, shall be paid by the tax debtor.
As a general rule, attorney fees are not due and owing a successful litigant unless specifically provided for by contract or by statute. Frank L. Beier Radio, Inc. v. Black Gold Marine, Inc., 449 So.2d 1014, 1015 (La.1984). Our courts have construed such statutes strictly because the award of attorney fees is exceptional and penal in nature. Id., 449 So.2d at 1015-16. This court has characterized the additional charge for attorney fees of La. R.S. 47:1512 as a penalty. McNamara v. Stauffer Chemical Company, 506 So.2d 1252, 1259 (La.App. 1st Cir.), writs denied, 512 So.2d 454, 455 (La.1987).
The jurisprudence provides only limited guidance as to the appropriate method of determining the amount of attorney fees due under the factual scenario at issue. In general, the statute has been interpreted as mandating "that the losing taxpayer pay, as an additional charge, attorney fees of ten percent (10%) of the delinquent principal, interest, and penalties determined to be due, when the taxing authority employs private counsel in its collection." City of Baton Rouge v. Stauffer Chemical Company, 500 So.2d 397, 399-400 (La. 1987). (Emphasis supplied.) See also United Companies Printing Company v. City of Baton Rouge, 569 So.2d 186, 189 (La.App. 1st Cir.1990), writ denied, 572 So.2d 73 (La.1991).
More recently, we have described the operative effect of the statute, from the Department's standpoint, as follows:
Under La. R.S. 47:1512, the Secretary of the Department is authorized to employ private counsel to assist in the collection of taxes. If any taxes, penalties, or interest due under state taxation laws are referred to an attorney for collection, and the Department obtains a favorable judgment, the taxpayer is liable for the amounts due, plus 10% of that amount as attorney fees. (Emphasis supplied; footnote omitted.)
J. Ray McDermott, Inc. v. Morrison, 96-2685, pp. 2-3 (La.App. 1st Cir.11/7/97), 702 So.2d 364, 366, writs denied, 97-3061, 709 So.2d 754, 97-3063 (La.2/13/98), 709 So.2d 754.
In State v. BP Exploration & Oil, Inc., 96-0716, p. 15 (La.1/14/97), 686 So.2d 823, 831, the supreme court addressed the statute's effect in only one sentence: "Because [the taxpayer] does not owe the additional taxes . . . that the Department sought in this lawsuit, [the taxpayer] does not owe attorney fees under La. R.S. 47:1512." There, it was determined that the corporate taxpayer owed no portion of any of the taxes sought by the Department.
Here, the trial court's award of $30,317.00 represented ten percent (10%) of $303,177.98, representing the total taxes and accrued interest thereon through the date of the in globo settlement, but without consideration of any offsets for Lyondell's overpayment of taxes. Thus, the award was based upon Lyondell's gross tax and interest liability for those taxes addressed in the second audit. The Department contends that the trial court was correct in doing so, as such figure represents "the taxes, penalties and interest due" for purposes of La. R.S. 47:1512. It emphasizes that each tax year is a separate tax period for which a separate corresponding liability *790 exists, which is unaffected by the inclusion of multiple years for audit, investigation, or litigation convenience. We of course accept the latter proposition as correct, but do not consider it determinative of the present issue.
The Department makes a strong point that the attorney fees authorized by La. R.S. 47:1512 are not limited to suits for collection of taxes instituted by the Department, but also include other tax proceedings under Title 47's Subtitle II, "Provisions Relating to Taxes Collected and Administered by the Collector of Revenue," including suits by taxpayers to recover taxes paid under protest under La. R.S. 47:1576. See South Central Bell Telephone Company v. Traigle, 367 So.2d 1143, 1150-51 (La.1978). Thus, the Department urges, it is immaterial whether the dispute involved in the second audit was resolved by compromise rather than judgment. Further, and more importantly, Lyondell was in fact found to owe additional tax liability, even though that liability was simply offset against tax overpayments and related refunds due. The offset procedure, which served to reduce larger refunds otherwise due, represents "the functional equivalent of collection and payment," according to the Department. While we acknowledge the technical validity of the Department's reasoning, we cannot agree that it applies for purpose of application of the penal statute at issue.
If the taxes and interest factored into the in globo settlement were in fact "due" for purposes of La. R.S. 47:1512, then one might legitimately ask why the Department did not insist upon offsetting the statutory attorney fee against Lyondell's overpayments in the same fashion as the taxes and interest, in order to calculate the final refund due Lyondell. The evidence shows that the parties mutually agreed to defer resolution of the attorney fee dispute so as not to impede the progress of the primary dispute. As compromise is favored in the law, we attach no significance to the Department's decision in that regard. But this leads us to consider the language of the various statutes authorizing the discretionary offsets which may be used to determine a taxpayer's ultimate liability to the state. None of these statutes specifically refers to the statutory attorney fee as being collectible through an offset, nor is there any separate provision expressly authorizing such recourse by the Department.[6] This legislative silence suggests an intent that the attorney fee should be based upon the final amount due in dispute or litigation, after appropriate application of any discretionary offsets or other credits due the taxpayer. See Morrison, supra.[7]
*791 We further note that the Department has an express statutory duty to determine the correct amount of tax due from the taxpayer. La. R.S. 47:1541. This duty certainly is in place before the Department may exercise its authority to retain private counsel under La. R.S. 47:1512, and continues thereafter until final resolution of the dispute.
The litigation at issue was instituted under the authority of La. R.S. 47:1561, which expressly authorizes the Department, in its discretion, to utilize the alternate remedy of filing a suit under ordinary procedure to enforce the collection of taxes claimed to be due. The Department opted to incorporate, without limitation, all claims addressed in the second audit in this litigation. Insofar as those aggregate claims for both income and franchise taxes are concerned, the Department was not successful in resolving either the litigation at issue or the involved audit in its favor. To the contrary, the Department was ultimately determined to owe an obligation to refund Lyondell for its net overpayment. Under these circumstances, Lyondell cannot reasonably be characterized as a "losing taxpayer" within the meaning of the jurisprudence interpreting La. R.S. 47:1512. Likewise, the Department cannot be said to have obtained a favorable judgment, or its equivalent by virtue of compromise, when it owed a net liability to the taxpayer for an overpayment refund attributable to the years at issue.
We thus construe the term "due," as descriptive of the principal amount or basis upon which the attorney fee percentage is calculated, to refer to the net amount of "taxes, penalties and interest" ultimately determined to be due in this multi-year action.[8] No taxes, penalties, and interest were ultimately found to be due in this cause, so there is no basis upon which to impose the additional penalty representing attorney fees. In so holding, we do not mean to imply that the Department's private counsel did not render substantial and valuable services contributing to the amicable resolution of the complex disputes between the parties. To the contrary, the evidence does seem to support the amount of the award made by the trial court, but it is unnecessary for us to consider Lyondell's assignment of error on that point. Our conclusion simply accords *792 with the strict construction required of penal statutes which serve to shift attorney fees from prevailing parties to their opponents, and the ultimate result is a common risk inherent in the nature of a contingent fee agreement.
The trial court erred as a matter of law, and we accordingly reverse its judgment. In doing so, however, we emphasize that the result herein is dictated by the particular factual circumstances presented, and that our legal conclusion should likewise be limited to this factual context.

DECREE
The judgment of the trial court in favor of the plaintiff-appellee, Cynthia Bridges, secretary of the Louisiana Department of Revenue, and against the defendant-appellant, Lyondell Chemical Company, is reversed. All costs of this appeal, in the amount of $782.68, are assessed to Cynthia Bridges, secretary of the Louisiana Department of Revenue.
REVERSED.
DOWNING and CARTER, JJ., concur.
NOTES
[1] See La. R.S. 36:454, 47:1501(A), 47:1502, and 47:1561.
[2] The first audit was the subject of a separate civil action instituted in Orleans Parish. It was dismissed on the grounds that the Department's claim asserted therein had been settled and that the remaining claim for attorney fees was abandoned. The trial court's judgment to that effect was recently affirmed. Slaughter v. ARCO Chemical Company, 05-0657 (La.App. 4th Cir.4/26/06), 931 So.2d 387. The third audit was not litigated.
[3] See, e.g., La. R.S. 47:287.701(L).
[4] This refund figure is supported by the documentary evidence and is undisputed by the Department in this appeal. The remainder of the total refund of $152,094.26 included $43,261.73 attributable to the first audit and $39,109.44 attributable to the third audit.
[5] The trial court's judgment refers to the prevailing plaintiff as "the Department [of Revenue]," rather than its secretary. For convenience, we will refer to the plaintiff as "the Department" in this opinion.
[6] See, e.g., La. R.S. 47:287.657, 47:287.662, 47:617, and 47:1622.
[7] The interpretation urged by the Department may be compared to a hypothetical situation where an attorney is retained on a one-third contingent fee basis pursuant to La. R.S. 37:218 to represent an injured party in a personal injury case. The case proceeds to trial, and the jury finds that the plaintiff has sustained $100,000.00 in total damages, but was 40% at fault. Should the attorney's fee be based upon the total damages sustained, a fee of $33,333.33, or the net recovery of $60,000.00, a fee of $20,000.00? The total amount of damages proven to have been sustained was arguably attributable to the attorney's professional services and skill, but the net recovery is of course the true value of the plaintiff's cause of action, the "subject matter" of the suit or claim. This is admittedly a loose and imperfect analogy, but valid nevertheless to the present dispute. Compensation or "setoff" has long been recognized in our civil law as a mode of partial extinguishment of one person's obligation to another through offsetting an opposing obligation owed by the latter to the former. See La. C.C. arts. 1893, et seq. To the extent that compensation or "setoff" constitutes an affirmative defense, it resembles contributory negligence in its effect upon a plaintiff's ultimate recovery. See La. C.C.P. art. 1005 and Richard v. Vidrine Automotive Services, Inc., 98-1020, p. 9 (La.App. 1st Cir.4/1/99), 729 So.2d 1174, 1179.
[8] See City of New Orleans' Department of Finance v. Touro Infirmary, 04-0835, p. 23 (La. App. 4th Cir.4/27/05), 905 So.2d 314, 328, writ denied, 05-1251 (La.2/17/06), 924 So.2d 997, holding that the penalty authorized by La. R.S. 47:1602 for failure to remit the total amount of tax due in connection with a filed return "is to be computed on the amount that is, in fact, owed less the amount that was remitted for the period covered by the return." (Emphasis supplied.) See also Ibrahim v. Hawkins, 02-0350, pp. 13-14 (La.App. 1st Cir.2/14/03), 845 So.2d 471, 483. There, we held that the ten percent (10%) statutory penalty owed by an underinsured motorists insurer on "the amount found to be due" under La. R.S. 22:658 must be based upon the amount that is ultimately found to be owed by that insurer to the insured, taking into account any prior payments by the insurer, rather than the total amount of damages in excess of the liability insurer's limits. The similarity between the phrase "found to be due" in La. R.S. 22:658 and the phrase "determined to be due" used by the supreme court in City of Baton Rouge v. Stauffer Chemical Company, supra, suggests a similar result, at least in the present context. Finally, we note that in the prayer of its petition, the Department prayed for statutory attorney fees "in the amount of ten per centum (10%) of the taxes, penalties and interest collected pursuant to this lawsuit." (Emphasis supplied.) While this choice of language is certainly not binding in effect, it does reinforce the reasonableness of our conclusion herein.