# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 21-704


**JAMES K. FAWVOR, ET AL.**

**VERSUS**

**E. EDMUND CASWELL, III.**


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 20201688
HONORABLE THOMAS J. FREDERICK, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## ELIZABETH A. PICKETT
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Elizabeth A. Pickett, Sharon Darville Wilson, and Charles G. Fitzgerald, Judges.


**AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.**

**Gerald Charles deLaunay**
**Perrin Landry deLaunay**
**P. O. Box 53597**
**Lafayette, LA 70505-2594**
**(337) 237-8500**
**COUNSEL FOR PLAINTIFFS-APPELLANTS:**
    **James K. Fawvor**
    **Barbara M. Fawvor**

**Chris W. Caswell**
**Taylor, Wellons, Politz & Duhe, APLC**
**4041 Essen Lane, Suite 500**
**Baton Rouge, LA 70809**
**(225) 387-9888**
**COUNSEL FOR DEFENDANT-APPELLEE:**
    **E. Edmund Caswell, III**

**PICKETT, Judge.**

On summary judgment, the trial court awarded James K. Fawvor and Barbara M. Fawvor the full purchase price of the business they sold to the defendant, E. Edmund Caswell, III, and assessed Caswell with attorney fees in the amount of $7,500.00. The Fawvors have appealed, seeking an increase in the attorney fees awarded.

## FACTS

The Fawvors agreed to sell their oilfield service company, Premier Production Management, to Caswell for the price of $710,000.00 on August 14, 2019. Caswell paid $200,000.00 up front and executed a promissory note for the $510,00.00 balance, with the first of eight quarterly payments of $45,000.00 due on February 14, 2020. Additional balloon payments of $75,000.00 would be payable on August 14, 2020, and August 14, 2021. The note clearly states that in the event Caswell fails to pay an installment within fifteen days of the due date, the full unpaid balance would become due. Further, the note included the following regarding attorney fees:

> 6.      Attorney's Fees; Expenses. Should it become necessary for Lender to hire an attorney to enforce any of Lender's rights under this Note, Borrower agrees to pay Lender's reasonable attorney's fees and court costs, whether or not a lawsuit is filed, in an amount not in excess of 25.0% of all remaining principal owed under this Note.

Caswell failed to make the first payment of $45,000.00 on February 14, 2020. On March 4, 2020, after the fifteen-day grace period had run, the Fawvors' attorney sent a demand letter to Caswell indicating their intent to accelerate the note and demanding the full $510,00.00 due. On March 17, 2020, the Fawvors filed a Petition for Monies Due seeking $510,000.00 and attorney fees of up to 25% of the principal pursuant to the terms of the note. Caswell filed an answer

acknowledging the promissory note but generally denying the allegations of the petition.

In September 2020, the Fawvors filed a Motion for Summary Judgment or Alternatively Partial Summary Judgment. In their memorandum in support, the Fawvors acknowledged that Caswell made payments of $135,000.00 on August 4, 2020, and $75,000.00 on August 14, 2020. Thus, they sought the balance due of $300,000.00 plus legal interest from the date of the demand letter. They also argued that they hired an attorney to collect the note, and their contract with the attorney was a contingency fee contract for 25% of all amounts collected. Arguing that the contingency fee contract was reasonable and that the note allowed for up to 25% of the balance due in attorney fees, they sought attorney fees in excess of $127,500.00.

In his opposition to the motion for summary judgment, Caswell did not contest that the balance of the loan is now due. Caswell did contest the reasonableness of the attorney fees sought by the Fawvors, arguing that the limited amount of work done did not justify such a high award. Caswell asked that the trial court set attorney fees at an amount not to exceed $7,500.00.

At the hearing on the motion for summary judgment, Caswell conceded that the $300,000.00 balance was due. The arguments before the court concerned whether summary judgment was appropriate on the award of attorney fees. Counsel for the Fawvors argued that the contingency fee contract was reasonable because there may be future work required to collect the debt. Further, they pointed out that the promissory note allowed for up to 25% in reasonable attorney fees. Caswell's counsel argued that $127,500.00 was not reasonable for the limited work done in attempting to collect the note. Citing the lack of evidence of time expended by the Fawvor's attorney and the factors set out by the Louisiana

2

Supreme Court to determine reasonable attorney fees, Caswell argued that summary judgment was not appropriate on the issue of attorney fees.

In open court, the trial court granted summary judgment on the issue of the acceleration of the promissory note, and awarded $7,500.00 in attorney fees, finding that the full $127,500.00 was unreasonable and based on the prospect of future work. The judgment, which was signed on April 1, 2021, stated that summary judgment was granted on the principal sum and legal interest, and the motion for summary judgment requesting reasonable attorney fees was granted in part and denied in part, and awarded $7,500.00 in fees.[1] The judgment failed to include the dollar amount of the principal due and was therefore indeterminate.

The trial court granted a motion for a new trial filed by the Fawvors limited to the issue of attorney fees. In their motion for a new trial, the Fawvors argued that the judgment was indeterminate. They further argued that they only asked that the trial court find the award of 25% of the recovery reasonable, and thus the trial court acted improperly in setting attorney fees at an amount lower than the full $127,500.00. They argued that the matter should be submitted to trial, where they will have an opportunity to present evidence of the work performed on behalf of the Fawvors by their attorney.

The trial court held a hearing and denied the motion. The trial court signed a judgment setting forth the amounts owed and affirming the award of attorney fees in the amount of $7,500.00. The Fawvors now appear before this court, arguing the award of attorney fees should be increased to the full 25% or remanded for a hearing on the amount of attorney fees that are reasonable in this case.

---

[1] The hearing on the motion for summary judgment was before Judge Broussard. On January 1, 2021, Judge Frederick succeeded Judge Broussard. Judge Frederick signed the judgment.

## ASSIGNMENTS OF ERROR

The Fawvors assert three assignments of error:

1.  The trial court erred in finding that the contingency fee agreement was unreasonable and in failing to enforce the contractual agreement requiring Defendant to pay the Plaintiffs' attorney fees.

2.  The trial court erred in fixing the amount of attorney fees when the motion for summary judgment did not request that relief.

3.  The trial court erred in fixing attorney fees without any evidence being presented.

## DISCUSSION

This court set forth the standard of review for summary judgments in *American Zurich Insurance Co. v. Caterpillar, Inc.*, 12-270, pp. 4-5 (La.App. 3 Cir. 10/3/12), 99 So.3d 739, 742-43:

> On appeal, summary judgments are reviewed de novo. *Magnon v. Collins*, 98-2822 (La. 7/7/99), 739 So.2d 191. Thus, the appellate court asks the same questions the trial court asks to determine whether summary judgment is appropriate. *Id.* This inquiry seeks to determine whether any genuine issues of material fact exist and whether the movant is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B) and (C). This means that judgment must be rendered in favor of the movant if the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show a lack of factual support for an essential element of the opposing party's claim. *Id.* If the opposing party cannot produce any evidence to suggest that he will be able to meet his evidentiary burden at trial, no genuine issues of material fact exist. *Id.*
>
> Material facts are those that determine the outcome of the legal dispute. *Soileau v. D & J Tire, Inc.*, 97-318 (La.App. 3 Cir. 10/8/97), 702 So.2d 818, *writ denied*, 97-2737 (La. 1/16/98), 706 So.2d 979. In deciding whether facts are material to an action, we look to the applicable substantive law. *Id.* Finally, summary judgment procedure is favored and designed to secure the just, speedy, and inexpensive determination of every action. La.Code Civ.P. art. 966(A)(2).

In *Rivet v. State, Department of Transportation & Development*, 01-961, p. 6 (La. 11/28/01), 800 So. 2d 777, 782, the court explained the courts' function in determining the reasonableness of an award of attorney fees:

4

[I]t is well settled that courts may inquire as to the reasonableness of attorney's fees as part of their prevailing, inherent authority to regulate the practice of law. *State, DOTD v. Williamson,* 597 So.2d 439 (La.1992); *City of Baton Rouge v. Stauffer Chemical Co.,* 500 So.2d 397 (La.1987); *Leenerts Farms, Inc. v. Rogers,* 421 So.2d 216 (La.1982). Indeed, as we stated in our earlier opinion in this very case, "[r]egardless of the language of the statutory authorization for an award of attorney fees or the method employed by a trial court in making an award of attorney fees, courts may inquire into the reasonableness of attorney fees as part of their prevailing inherent authority to regulate the practice of law." *Rivet,* 96–0145 at p. 1160, 680 So.2d at 1161. While a court may consider a contingency fee contract among other factors, it is not bound by such an agreement in determining reasonable attorney's fees. *Moody v. Arabie,* 498 So.2d 1081 (La.1986). Simply put, plaintiffs' attorney is not entitled to recover any attorney's fee from plaintiffs beyond that which is determined to be reasonable by the district court.

In determining the reasonableness of an award of attorney fees, the supreme court has set forth these factors to consider:

> (1) the ultimate result obtained; (2) the responsibility incurred; (3) the importance of the litigation; (4) amount of money involved; (5) extent and character of the work performed; (6) legal knowledge, attainment, and skill of the attorneys; (7) number of appearances made; (8) intricacies of the facts involved; (9) diligence and skill of counsel; and (10) the court's own knowledge.

*State, Dep't of Transp. & Dev. v. Williamson*, 597 So. 2d 439, 442 (La. 1992)(citing La.Rules Prof.Conduct, Rule 1.5).

In *Central Progressive Bank v. Bradley,* 502 So.2d 1017 (La.1987), the supreme court explained the courts' authority to regulate attorney fees as follows:

> La.Civ.Code Art. 2000 attempts to regulate attorney fees by stating that "[i]f the parties, by written contract, have expressly agreed that the obligor shall also be liable for the obligee's attorney fees in a fixed or determinable amount, the obligee is entitled to that amount as well." La. Const. art. 5, § 5(B) provides that the supreme court has exclusive original jurisdiction of disciplinary proceedings against a member of the bar. The supreme court has a duty to assert that authority to regulate the practice of law. We held in *Leenerts Farms, Inc. v. Rogers,* 421 So.2d 216 (La.1982), that the prohibition against a lawyer accepting a "clearly excessive fee" found in Disciplinary Rule 2–106 of the Code of Professional Responsibility, cannot be abrogated by a provision in a note fixing the amount of attorney fees as a percentage of the amount to be collected. This prohibition likewise cannot be abrogated by a law fixing the amount of attorney fees as a

5

percentage of the amount to be collected. *City of Baton Rouge v. Stauffer Chemical Company,* 500 So.2d 397 (La., 1987). See also *Saucier v. Hayes Dairy Products, Inc.* 373 So.2d 102 (La.1979). Since art. 2000 attempts to regulate attorney fees, it will not be enforced when the attorney fees fixed by the parties are excessive and unreasonable. Notwithstanding art. 2000, the courts may inquire into the reasonableness of such a fee.

In their first assignment of error, the Fawvors argue that the trial court erred in finding that the award of attorney fees equaling 25% of the full recovery is a reasonable award, citing *Nassif v. Sunrise Homes, Inc.*, 98-3193 (La. 6/29/99), 739 So.2d 183. In *Nassif*, a contractor sold a home that had a defective foundation. The second owner filed a suit to rescind the sale, naming as defendants the original owner who sold her the home, the owner of the subdivision, and the company that built the house. The builder in turn filed a third-party demand against the engineering firm that designed the foundation of the house. The trial court found the foundation was a redhibitory defect and ordered the builder to pay damages to the plaintiff in the amount of $55,240.00 plus interest, costs, and reasonable attorney fees. The trial court found that the redhibitory defect was caused by the engineering firm and ordered the engineering firm to indemnify the builder for the full amount of $55,240.00 plus interest, costs, and reasonable attorney fees. At a separate hearing to determine the proper assessment of attorney fees, the trial court set the homeowner's attorney fees at $141,646.31. The trial court ordered the engineering firm to fully indemnify the builder for the full cost of the attorney fees. On review, the supreme court found that the trial court properly determined that the party at fault, the engineering firm, must fully indemnify the builder, who was liable to the plaintiff because of the fault of the engineering firm.

The case before us is distinguishable from *Nassif* in two important respects. First, in this case the issue of indemnity is not before the court – Caswell owes the Fawvors reasonable attorney fees pursuant to the terms of the promissory note.

There is no issue of third-party fault. The promissory note states that in the event of default, Caswell will owe reasonable attorney fees not to exceed twenty-five percent of the balance due. Second, there was a hearing in *Nassif* specifically to determine the reasonableness of the attorney fees. In this case, the Fawvors asked the court to determine, on a motion for summary judgment, that the contingency fee contract between the Fawvors and their attorney was reasonable without any evidence of the actual work done by the attorney to collect the debt.

The Fawvors seek to make *Nassif* applicable to this case by arguing that the contingency fee contract was reasonable because of the uncertainty of the efforts necessary to recover from Caswell at the time they signed the contract. They also argue that there may be future work required to fully recover the balance due. The trial court found that it is not appropriate to consider speculative work in the future in determining whether an award of attorney fees is reasonable. We agree. The Fawvors further argue that Caswell is required to indemnify them for the full amount of the attorney fees pursuant to the promissory note. On the contrary, we find that language of the promissory note allows for an award of reasonable attorney fees with a maximum limit of the amount of those fees ("not in excess of 25.0% of all remaining principal owed under this Note"). Therefore, the district court retained the authority to determine the reasonableness of the attorney fees sought by the Fawvors.

The Fawvors further argue that in a suit on an open account, a debtor is liable to the claimant for the amount of attorney fees agreed upon between the claimant and his attorney if the amount is fixed or determinable. *See* La.R.S. 9:2781. However, this is not a suit on an open account, so that statute does not apply in this case.

7

The Fawvors failed to establish the amount of attorney fees that would be reasonable in this case. There was no evidence of the actual work performed to justify the amount sought, as admitted by the Fawvors in their third assignment of error. Further, we reject the suggestion, as the trial court did, that the possibility of future work supports the granting of the Fawvors' motion for summary judgment. Thus, summary judgment is not appropriate as there exists a genuine issue of material fact as to the reasonable amount of attorney fees which should be awarded.

In their second assignment of error, the Fawvors argue that the trial court erred in denying their motion for summary judgment, which sought the award of the full 25% of the amounts recovered, while also awarding attorney fees less that the full amount sought. In their third assignment of error, the Fawvors argue that the trial court erred in awarding attorney fees of $7,500.00 without any evidence in the record to support that award. Absent any evidence to support this award, there is clearly a genuine issue of material fact regarding the appropriate measure of the attorney fee award in this case. Thus, we must reverse the award of attorney fees and remand for further proceedings to establish the appropriate award.

## CONCLUSION

The judgment of the trial court denying the motion for summary judgment on the issue of attorney fees is affirmed. The award of attorney fees in the amount of $7,500.00 is reversed, and the case is remanded for further proceedings. Costs of this appeal are assessed equally between the appellants and the appellee.

**AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.**